RECEIVED

AUG - 3 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CHRISTINE MIRE | CIVIL ACTION NO. 11-0679 |
| VERSUS | JUDGE DOHERTY |
| DOUG GUILLORY, ET AL. | MAGISTRATE JUDGE HILL |

### MEMORANDUM OPINION AND ORDER

Appellant Christine Mire brings this appeal from two orders of the United States Bankruptcy Court for the Western District of Louisiana, in the matter entitled *In re: Doug Guillory and Andrea Guillory,* Case No. 06-50979, as follows: (1) Order on Motion for Turnover of Funds entered by the bankruptcy court on January 12, 2011 [BR 62]; and (2) Order on Motion for Contempt entered by the bankruptcy court on March 22, 2011 [BR 76]. In response, debtor Andrea Guillory filed a Motion to Dismiss Appeal [Doc. 4], which Ms. Mire opposes [Doc. 8]. The debtor has filed a Motion for Leave to Reply to Ms. Mire's Opposition Brief [Doc. 9], which is herein granted.

On July 13, 2011, finding the parties had insufficiently briefed the issues presented for review, this Court ordered supplemental briefs on certain specified issues. Those briefs are now before the Court [Docs. 11 & 12], and all issues are ripe for adjudication.

For the following reasons, the debtor's Motion to Dismiss Appeal [Doc. 4] is GRANTED in its entirety.

### I.  Factual and Procedural Background

While still married, debtors Andrea and Doug Guillory filed a Chapter 13 bankruptcy on November 10, 2006 in the United States Bankruptcy Court for the Western District of Louisiana.

Subsequently, the debtors encountered marital difficulties and separated. According to Andrea Guillory's sworn affidavit, in October 2008, Ms. Guillory consulted with the appellant, Ms. Mire, a family law attorney, seeking representation during her divorce proceedings from Doug Guillory, Ms. Guillory's then-husband and co-debtor. During that consultation, Ms. Guillory advised Ms. Mire she and her husband were currently in bankruptcy proceedings. Ms. Guillory attests at the direction of Ms. Mire, Ms. Guillory paid Ms. Mire $10,000.00 to represent her in divorce proceedings. It is alleged Ms. Mire did not obtain approval of her retention with the bankruptcy court as required under 11 U.S.C. 327.[1] Ms. Guillory further attests that after twelve months, Ms.

---

[1] 11 U.S.C. §327 states:

**§327. Employment of professional persons**

**(a)** Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

**(b)** If the trustee is authorized to operate the business of the debtor under section 721, 1202, or 1108 of this title, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business.

© In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

**(d)** The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.

**(e)** The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

**(f)** The trustee may not employ a person that has served as an examiner in the case.

11 U.S.C. §327.

It is unclear to the Court how Section 327 is applicable to Ms. Mire, as no party has briefed whether Ms.

Mire had done no work in connection with Ms. Guillory's divorce. Consequently, Ms. Guillory requested the return of her $10,000.00 retainer, which Ms. Mire refused.

On November 18, 2010, Ms. Guillory's bankruptcy attorney filed a "Motion for Turnover of Funds" in connection with Ms. Guillory's Chapter 13 bankruptcy proceeding in order to recover the $10,000.00 fee that Ms. Guillory paid to Ms. Mire during the pendency of the bankruptcy. After a hearing on the matter, on January 12, 2011, the bankruptcy court ordered Ms. Mire to refund $6,839.50[2] to the Bankruptcy Estate of Ms. Guillory within 20 days of the entry of the Court's order. Ms. Mire did not refund the money within the delay set forth by the Court, but on February 3, 2011, two days after the deadline passed, Ms. Guillory's attorney advised Ms. Mire that additional time would be provided – until February 4, 2011 – to refund the money pursuant to the Court's order. When Ms. Mire still had not refunded the money by February 11, 2011, on that date, Ms. Guillory filed a motion for contempt in the bankruptcy court for Ms. Mire's continued failure to obey the Court's order. After a hearing conducted on March 16, 2011, Judge Robert Summerhays held Ms. Mire in contempt of court, noting specifically Ms. Mire had "failed to comply with the prior final and non-appealable order" of the bankruptcy court. The bankruptcy court gave Ms. Mire an additional 20 days within which to turnover the funds or be assessed with sanctions in the amount of $100.00 per day after April 15, 2011. Rather than comply with either of the two orders of the bankruptcy court, Ms. Mire filed a Notice of Appeal on March 28, 2011 in the bankruptcy court, as well as a motion to stay pending appeal, which was granted by the bankruptcy court on March 31,

---

Mire had any obligations under the foregoing statute, which applies to bankruptcy trustees. However, this Court need not make that determination, as that issue has not been placed before the Court by the parties.

[2] After initially arguing she had paid Ms. Mire $10,000.00, Ms. Guillory amended her motion to allege the "net proceeds" actually provided to Ms. Mire was $6,839.50.

2011. The order granting Ms. Mire's motion to stay states:

> IT IS HEREBY ORDERED THAT, CHRISTINE M. MIRE, other party to these proceedings, *is hereby granted leave to appeal under 28 U.S.C. 158(a) or (b) the Orders of the Bankruptcy Court entered in this adversary proceeding on the 12th day of January and on the 22nd day of March 2011*, holding CHRISTINE M. MIRE in contempt for failing to comply with what was described as "the prior final and non-appealable order of this court" entered into on the 12th day of January 2011, which was neither circulated nor served upon CHRISTINE MIRE.

[BR 81] (emphasis added). Pursuant to the foregoing order, the bankruptcy court stayed the execution of the January 12, 2011 and March 22, 2011 orders "until the appellate court has ruled on the issues or until further Orders of the Court." Ms. Mire's appeal was lodged in this Court on April 28, 2011.

Thus, Ms. Mire appeals the January 12, 2011 order of the bankruptcy court ordering Ms. Mire to turnover $6,839.50 in funds, and the March 22, 2011 order of the bankruptcy court holding Ms. Mire in contempt of court for failing to comply with the January 12, 2011 order.

In the instant motion to dismiss appeal, Mrs. Guillory seeks dismissal of Ms. Mire's appeal on two grounds: (1) Ms. Mire's appeal of the order granting Ms. Guillory's motion for turnover of funds should be dismissed because it is not timely; and (2) Ms. Mire's appeal of both orders should be dismissed for failure to request leave of court to file the appeal. The Court will address each argument in turn.

### 1. Ms. Mire's appeal of the order granting Ms. Guillory's motion for turnover of funds should be dismissed because it is not timely

Ms. Guillory argues Ms. Mire's appeal of the January 12, 2011 order of the bankruptcy court, which ordered Ms. Mire to turnover funds in the amount of $6,839.50, should be dismissed because it was not timely filed. This Court agrees.

First, this Court notes the bankruptcy court's January 12, 2011 turnover order is a final order. *See, e.g., In re Moody*, 817 F.2d 365 (5th Cir. 1987) (when a turnover order completely disposes of a discrete dispute within the larger case, the order is a final order).[3] In *In re Moody*, the Fifth Circuit made clear:

> That further proceedings were necessary to enforce the judgment, or to cite the putative possessor of the coin for contempt by virtue of his failure to comply, does not mitigate the effect of the order. A judgment becomes final despite the fact that it has not been executed. The finality of a decree is not impaired because some future order of the court may become necessary to carry it into effect.

*Id.* at 368. In the instant case, because the bankruptcy court's January 12, 2011 turnover order was a final determination with respect to the discrete matter of the turnover of funds between the debtors and Ms. Mire, it is a final order. The subsequently filed motion for contempt was simply an attempt by Ms. Guillory to execute on the January 12, 2011 order, and pursuant to *In re Moody*, the subsequent motion to enforce the court's turnover order has no effect on the finality of the January 12, 2011 turnover order. Therefore, as a final order, the January 12, 2011 order was immediately appealable as of right.

The source of district court jurisdiction over bankruptcy appeals can be found in 28 U.S.C. §158(a). Pursuant to 28 U.S.C. §158(a):

The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

---

[3] It is well-settled in the Fifth Circuit that "an order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment.... Finality in bankruptcy cases is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation." *England v. FDIC (In re England)*, 975 F.2d 1168, 1172 (5th Cir.1992) (citations omitted).

> (3) with leave of the court, from other interlocutory orders and decrees;
>
> *and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.* An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. §158(a) (emphasis added).

Rule 8001 of the Bankruptcy Rules addresses the manner of taking appeals in bankruptcy cases. Rule 8001(a) states "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken *by filing a notice of appeal* with the clerk within the time allowed by Rule 8002." Bankr. Rule 8001(a) (emphasis added). Rule 8002(a) requires that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."

In the instant case, the bankruptcy court's order on turnover of funds was entered on January 12, 2011, and Ms. Mire's appeal was not filed until March 28, 2011, approximately 74 days later. Failure to file a timely notice deprives the district court of jurisdiction to consider the appeal. *In re Moody*, 41 F.3d 1024, 1026 (5th Cir. 1995), *Abraham v. Aguilar (In re Aguilar)*, 861 F.2d 873, 874 (5th Cir.1988). Consequently, this Court concludes it is without jurisdiction to consider Ms. Mire's appeal of the bankruptcy court's January 12, 2011 order, which is dismissed as untimely.

> 2. **Ms. Mire's appeal of both the January 12, 2011 and March 22, 2011 orders should be dismissed for failure of the appellant to request leave of court to file appeal**

In its original motion, the debtor argues the instant appeal of both the bankruptcy court's January 12, 2011 and March 22, 2011 orders should be dismissed, because *both* orders are interlocutory, which require the filing of a motion for leave to appeal, and Ms. Mire did not file a

motion for leave to appeal. However, in her supplemental brief filed pursuant to this Court's July 13, 2011 order, Ms. Guillory argues while the bankruptcy court's January 11, 2011 order is a final order, only the March 22, 2011 is an interlocutory order for which Ms. Mire must seek leave to appeal. Indeed, the Court has already explained the January 12, 2011 order is a final order and was untimely filed. Therefore, it would appear a motion for leave to file appeal was required only with respect to the bankruptcy court's March 22, 2011 contempt order. With respect to that order, in her response, Ms. Mire directs this Court's attention to the March 31, 2011 order of the bankruptcy court, in which Judge Summerhays "granted leave to appeal under 28 U.S.C. 158(a) or (b) the Orders of the Bankruptcy Court entered in this adversary proceeding on the 12th day of January and on the 22nd day of March 2011." Presumably, Ms. Mire argues no motion for leave was required to be filed in this Court, because the bankruptcy court already granted the required leave.

First, this Court agrees the bankruptcy court's March 22, 2011 contempt order is an interlocutory order. By its terms, the March 22, 2011 contempt order was not a final decision of the whole controversy related to the turnover of funds, but rather, was the bankruptcy court's attempt to order Ms. Mire to turnover the funds previously ordered turned over. The March 22, 2011 order held Ms. Mire in contempt and further ordered if Ms. Mire did not turn over the full amount within a certain amount of time allowed, she would be sanctioned for her continued contempt of the court's order in the amount of $100.00 per day for each day after April 5, 2011 that the amount remained unpaid. Under these circumstances, the bankruptcy court contemplated that the matter of Ms. Mire's contempt might continue. Under these circumstances, the March 22, 2011 cannot be considered a "final" bankruptcy order.

Notwithstanding the foregoing, it is unclear to this Court whether the bankruptcy court's

grant of leave for the filing of an appeal satisfies the requirement that the appellant *file a motion* for leave to appeal pursuant to 28 U.S.C. §158(a), and the parties – despite being ordered to address this precise question in their supplemental briefs – have yet to adequately brief the issue. 28 U.S.C. §158(a) states only that district courts have jurisdiction over interlocutory appeals *where leave of court has been granted*. The statute does not specify in which court such leave may be granted, nor does the statute require that leave of court be granted by the district court, and neither party was able to identify any case wherein the Fifth Circuit has addressed the issue.

In this case, it appears that on March 28, 2011, after the March 22, 2011 contempt order, Ms. Mire filed, in bankruptcy court, a motion to stay the execution of that order pending appeal. On March 31, 2011, the bankruptcy court signed the order granting Ms. Mire's motion to stay the execution of the March 22, 2011 contempt order. It is in this order that the language granting lave to appeal is included. However, the order granting leave to appeal shows the order was prepared by Ms. Mire; Ms. Guillory argues the order was not disseminated to opposing counsel before it was signed by the bankruptcy court. Thus, in her supplemental brief, Ms. Guillory argues she did not have an opportunity to respond to that motion before the order was signed.

Rule 8003(a)(3) states:

Rule 8003. Leave to Appeal

(a) Content of motion; answer

A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. ***Within 14 days after service of the motion, an adverse party may file with the clerk an answer in opposition.***

Fed. Bankr. Rule 8003(a)(4) (emphasis added).

Ms. Mire has not provided this Court with a copy of the motion to stay that she filed in bankruptcy court, which resulted in the bankruptcy court granting her leave to appeal the March 22, 2011 contempt order, therefore this Court cannot know whether the motion complies with the requirements of Rule 8003(a)(4). However, it is clear to this Court Ms. Guillory did not have an opportunity to respond to the motion to stay, which she surely would have opposed. In the absence of any jurisprudence to guide this court, this Court concludes Ms. Mire has not shown the presence of a *properly filed* motion for leave to appeal in this or any court which complies with all of the requirements of Rule 8003(a)(4),[4] thus the appeal of the bankruptcy court's March 22, 2011 contempt order should be dismissed for that reason.[5]

---

[4] Despite this Court's ruling on this issue, the Court notes the unpublished case of *In re Holloway*, 370 Fed.Appx. 490, 493, 2010 WL 1141623, 2 (5th Cir. 2010). In *In re Holloway*, the issue before the district court was whether a bankruptcy court order denying the enforcement of a settlement agreement was an appealable order for purposes of appellate review by the district court. The district court concluded the order was a final appealable order, but on appeal, the Fifth Circuit concluded the order was interlocutory. Because the district court had not granted leave to allow an appeal of that interlocutory order, the Fifth Circuit concluded the district court lacked jurisdiction over the appeal. However, in so holding, the Fifth circuit noted:

> *Having determined that the bankruptcy court's order was interlocutory, we recognize that if the bankruptcy court had granted leave to appeal, the district court would have had jurisdiction.* As noted above, in addition to having jurisdiction over final orders of bankruptcy courts, district courts have jurisdiction over interlocutory bankruptcy court orders which they have granted leave to appeal. *Id.* § 158(a)(3).

*In re Holloway*, 370 Fed. Appx. at 492 (emphasis added).

Although this Court notes the ruling, it concludes the dicta in the *In re Holloway* case – an unpublished opinion – does not override this Court's concerns that the requirements of Rule 8003(a)(4) were not satisfied in this case **as a factual matter**.

[5] However, even though this Court determines Ms. Mire fails to establish the requisite motion for leave to appeal was properly filed, and this Court determines Ms. Mire's appeal of the bankruptcy court's March 22, 2011 contempt order should be dismissed for that reason, out of an abundance of caution, this Court notes that, even if leave had properly been sought and granted, this Court would have denied Ms. Mire's motion for leave to appeal the March 22, 2011 contempt order.

Section 158(a) authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy

court, but does not indicate the standard a district court should use in determining whether to grant leave to appeal. Additionally, the Fifth Circuit has not set down a hard and fast rule for determining when an interlocutory appeal should be allowed. See *Ichinose v. Homer National Bank*, 946 F.2d 1169, 1176 (5th Cir.1991); *In re Hunt International Resources Corporation*, 57 B.R. 371, 372 (N.D. Tex. 1985). The Fifth Circuit has, however, stated "[t]he decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *Stumpf v. McGee (In re O'Conner)*, 258 F.3d 392, 399-400 (5th Cir.2001), cited in *In re Verges*, 2007 WL 955042, *1 (E.D. La. 2007).

In *Ichinose*, the court stated:

> Nonetheless, the vast majority of district courts faced with the problem [of having no articulable standard] have adopted the standard under 28 U.S.C. §1292(b) for interlocutory appeals from district court orders. [Internal citations omitted]. This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. *Neshaminy*, 81 B.R. at 303.

946 F.2d at 1176. The *Ichinose* court expressly declined to state whether consideration of the Section 1292(b) factors is proper in the context of a motion for leave to appeal brought pursuant to Section 158(a).

Guided by the Fifth Circuit's pronouncement in *Ichinose*, district courts within the Fifth Circuit have tended to consider the Section 1292(b) factors in considering whether to grant leave to appeal an interlocutory order from a bankruptcy court. *See, e.g., Powers v. Montgomery*, 1998 WL 159944, *2 (N.D. Tex. 1998) ("While there is no set standard in this Circuit for determining whether to grant leave to appeal, the Fifth Circuit has acknowledged that the large majority of district courts faced with the problem have adopted the standard under 28 U.S.C. §1292(b) for interlocutory appeals from Bankruptcy Court orders."); *In re Turner*, 1996 WL 162110, *1 (E.D. La. 1996) ("Because §158(a) contains no criteria to guide the exercise of my discretion in granting or denying an interlocutory appeal, district courts have looked to standards governing interlocutory appeals in 28 U.S.C. §1292(b).").

In most of these cases, the district courts have added, "[b]ecause interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *Smith v. AET Inc.*, Ltd. 2007 WL 1644060, *5 (S.D. Tex. 2007), citing *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D.Tex.1985). Thus, pursuant to the legislative history of §1292(b), "interlocutory appeals should be granted only in *exceptional situations* where allowing such an appeal would avoid protracted and expensive litigation." *See, e.g., In re Turner*, 1996 WL 162110, *1 (emphasis added), citing *Clark-Dietz & Assoc. v. Basic Construction*, 702 F.2d 67, 69 (5th Cir. 1983); *Powers*, 1998 WL 159944, *2 ("Leave to appeal a bankruptcy court's interlocutory order should be granted only in circumstances which justify overriding the general policy of not allowing such appeals."); *In re Global Marine, Inc.*, 108 B.R. 1007, 1009 (S.D.Tex. 1988) ("The other standard frequently employed is whether "exceptional circumstances" warrant a grant of immediate appellate review.'").

In the instant case, even thought the issue was not briefed by the parties (as no motion for leave to appeal was filed in this Court), this Court would have concluded the circumstances of this case do not warrant interlocutory review of the bankruptcy court's March 22, 2011 contempt order. Indeed, there is no controlling issue of law involved, nor does this Court believe there is a serious question that Ms. Mire failed to comply with the bankruptcy court's January 12, 2011 order, which is a final order that can no longer be appealed. Finally, an immediate appeal of the contempt order will not materially advance the ultimate termination of the bankruptcy. Moreover, this Court notes it does not appear that this appeal presents the "exceptional circumstances" that typically warrant the granting of an immediate appeal in a bankruptcy proceeding. Considering the foregoing, this Court concludes Ms. Mire fails to demonstrate her entitlement to an interlocutory review of the bankruptcy court's March 22, 2011 contempt order.

### III. Conclusion

For the reasons stated herein, IT IS ORDERED that Ms. Guillory's Motion to Dismiss Appeal [Doc. 4] is GRANTED in its entirety. Pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure, the Clerk of Court is DIRECTED to prepare, sign and enter judgment upon receipt of and in accordance with this Memorandum Opinion and Order.

THUS DONE AND SIGNED in Chambers, ~~Lafayette~~, Louisiana, this 3 day of August, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE